Alex ZBYLUT, Plaintiff,

v.

**RED STAR MARINE SERVICES, INC., Defendant.**

No. 76 Civ. 3327 (IBC).

United States District Court, S. D. New York.

Jan. 31, 1978.

Alex Zbylut, pro se.

McHugh, Heckman, Smith & Leonard, New York City, for defendant.

OPINION

IRVING BEN COOPER, District Judge.

This case came on for trial before us in October, 1977 when plaintiff, a seaman in

the United States Merchant Marine, sought to recover damages from defendant tug owner for injuries allegedly caused by defendant's negligence and the unseaworthiness of its vessel. Plaintiff contended that during the course of his duties he slipped and fell on an icy dock, thereby fracturing his right ankle; that three months after returning to work his previously fractured ankle gave way and caused him to fall and injure his back and groin. Upon conclusion of the trial the jury returned a verdict for defendant; plaintiff's complaint was dismissed on October 18, 1977. Thereafter plaintiff moved this court for leave to file notice of appeal *in forma pauperis.* We granted his application by order of November 16, 1977; we were satisfied as to his indigency.

By the instant motion, plaintiff seeks to secure at government expense the complete transcript of the entire trial. To support his application, plaintiff once again relies on the Affidavit of Indigency which he submitted to this court and upon which we allowed him to file his notice of appeal *in forma pauperis.* For the reasons discussed herein, we grant plaintiff's motion in part, denying to him that portion of his request which we find to be excessive and without merit.

To be entitled to a free transcript of an entire trial proceeding, which frequently may involve considerable and burdensome expense to the government, is it sufficient to allege merely that the movant is unable to pay filing fees as set forth in a motion for leave to appeal *in forma pauperis?* Under Rule 24, Federal Rules of Appellate Procedure, a party to an action in a District Court may file a motion for leave to appeal *in forma pauperis* upon a showing by affidavit of "his inability to pay fees and costs or to give security therefor, his belief that he is entitled to redress, and a statement of the issues which he intends to present on appeal." Pursuant to 28 U.S.C. Section 1915(b) a movant may by filing a "like affidavit" seek to have the government bear the expense of printing the record on appeal.

At the outset we repeat we find no fault with plaintiff's assertions as to indigency. They have been recorded on the forms furnished by the clerk's office for such applications. For the present, we hold that on that phase of the total application plaintiff meets the test, although we emphasize parenthetically our firm and definite belief that exactness would require supporting proof of some of the allegations he makes with respect to indigency (for example, a line or two from the bank with which he deals supporting his claim that his present bank balance is minimal).

It is our moral obligation, complete and imperative, to help every indigent litigant—only, however, where the court is satisfied by compelling proof (even asserted in limping fashion) that the total application warrants the relief sought.

■ Upon a review of the provisions cited above, we do not believe that a petitioner is entitled to what might be a very expensive transcript only upon the same showing on which a court may grant him leave to commence an appeal without the payment of filing fees (which usually amount to $50). An indigent is in a different position from a litigant who proceeds on appeal in normal course, because the indigent must provide, in addition to satisfactory proof of indigency, a statement of errors he claims were committed at trial. *Compare* Rule 3(c) *with* Rule 24(a), Federal Rules of Appellate Procedure. It cannot be that general assertions, without specifics, automatically entitle the applicant to the relief he seeks, for we believe that while a person may not be able to pay filing fees it does not follow that he should be entitled to a complete and costly trial record without a much more substantial showing. We are aware that it is not to be expected that an indigent person must allege issues on appeal with that specificity which is demanded of a lawyer. That, however, does not remove the essential ingredient that, even in halting fashion and with limitations of expression, the applicant for a transcript must assert the trial errors he claims were committed.

What have we here on that score? Plaintiff has provided us with merely the following: a request for the "Transcript of the Entire Record because I wish to appeal to the Judge's Charge to the Jury, All of the Plaintiffs [sic] requests to charge and other errors which maybe [sic] revealed." That language is woefully inadequate. It approaches, but hardly succeeds in fulfilling, the imperative set out in the direct language which appears on the very same printed form (obtained from the clerk's office) which movant filled out and filed with us. It reads, "I, . . . . . . . . being first duly sworn, depose and say that I am the . . . . . , in the above-entitled case; that in support of my motion to proceed on appeal without being required to prepay fees, costs or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to redress; and that the issues which I desire to present on appeal are the following:".

We have reexamined the entire trial record and have found nothing which we consider reversible error. Nevertheless, we have decided to give the movant certain portions of the total trial record despite the overgeneralized nature of the allegations which he presents. It may very well be that by so doing we are over-indulgent. He asks for a "Transcript of the Entire Record" and then asserts he has been prejudiced by the "Judge's Charge to the Jury." Very well, we will let him have the entire charge by the court to the jury. He then requests "All of the Plaintiffs [sic] requests to charge." In the same spirit, we will let him have all of plaintiff's requests to charge and the rulings of the court with respect thereto.

The balance of his alleged grievance, to wit, "and other errors which maybe [sic] revealed," points to nothing in particular, and so we are compelled to disregard it.

Accordingly, we direct that there be issued to the movant such portions of the total trial transcript hereinabove indicated.

SO ORDERED.